Greg K. Hafif, Bar No. 149515
Robert S. Ackley, Bar No. 192393
**LAW OFFICES OF HERBERT HAFIF**
A Professional Corporation
269 West Bonita Avenue
Claremont, California 91711-4784
(909) 624-1671
(909) 625-7772 Facsimile

Attorneys for Plaintiff
STEFANO GRANDO
and GRANDO, INC.

FILED
CLERK, US DISTRICT COURT
SEP 23 2003
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, US DISTRICT COURT
SEP 2 — '03
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANO GRANDO, an individual; and GRANDO, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>QVC NETWORK, INC., a Pennsylvania Corporation; QVC Inc., a Pennsylvania Corporation; D&W JEWELRY CO., a New York Corporation; and R&M JEWELRY, L.L.C., a Limited Liability Company<br><br>Defendants. | CASE NO. CV-00-01071 JFW (SHx)<br>[Action Filed: January 31, 2000]<br><br>Assigned for all Purposes to:<br>Honorable Judge John F. Walter<br><br>[~~PROPOSED~~] **AMENDED JUDGMENT**<br><br>TRIAL<br>Date: July 29, 2003<br>Time: 9:30 a.m.<br>Dept: 16<br><br>**THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).** |

This case came on regularly for trial on July 29, 2003 in Department 16 of the above-entitled court, the Honorable John F. Walter presiding. Plaintiffs Stefano Grando and Grando Inc., were represented by Greg K. Hafif and Robert S. Ackley of the Law Offices of Herbert Hafif. Defendants D&W Jewelry Co., and R&M Jewelry, L.L.C. were represented by Morten Rosen and William Ireland of the Law Offices of Haight, Brown & Bonesteel.

A jury of eight persons was regularly empaneled and sworn to try the action. Witnesses on the part of both the plaintiffs and defendants were sworn and examined. After hearing the evidence, the arguments of counsel, and instructions of

- 1 -

the court, the jury retired to consider their verdict. On August 1, 2003, the jury returned to court and rendered their verdict as follows:

"We, the jury in the above-entitled action, find the following special verdict on the questions submitted to us:

<u>Question No. 1</u>: Does the defendants' Bellatrix chain infringe the claim contained in the '203 patent as defined by the Judge?

Answer: Yes.

If you answered "no" the to the preceding question, then proceed to Question No. 5. If you answered "yes," then proceed to Question No. 2.

<u>Question No. 2</u>: What is the dollar amount of the reasonable royalty, if any, that you award to Grando, Inc. as a result of any infringement of the '203 patent by the defendants?

Answer separately as to each defendant:

D&W Jewelry Co.        $161,215

R&M Jewelry, L.L.C.    $187,800

Answer the next question.

<u>Question No. 3</u>: What amount of net profit from defendants' sale of the Bellatrix chain do you award to the plaintiff as damages, if any?

Answer separately as to each defendant:

D&W Jewelry Co.        $41,383

R&M Jewelry, L.L.C.    $68,001

Answer the next question.

<u>Question No. 4</u>: Was defendants' infringement of the '203 patent, if any, willful?

Answer "yes" or "no" separately as to each defendant:

D&W Jewelry Co.        No.

R&M Jewelry, L.L.C.    No.

Answer the next question.

Question No. 5: Did the defendants have access to the '580 copyright?

Answer "yes" or "no."

Answer: Yes.

Question No. 6: Does the Bellatrix Chain infringe upon the '580 copyright?

Answer "yes" or "no."

Answer: Yes.

Question No. 7: What amount of net profit from defendants' sale of the Bellatrix Chain do you award to the plaintiff as damages, if any?

Answer separately as to each defendant:

D&W Jewelry Co.     $10,345

R&M Jewelry, L.L.C.  $17,000

Question No. 8: Was defendants' infringement, if any, of the '580 copyright willful?

Answer "yes" or "no" separately as to each defendant:

D&W Jewelry Co.     No.

R&M Jewelry, L.L.C.  No.

Question No. 9: Did the defendants' have access to the '579 copyright?

Answer "yes" or "no."

Answer: No.

If you answered "no" to Question No, 9, then sign and return this verdict."

On July 31, 2003, pursuant to motion by plaintiff, the Court dismissed defendants' affirmative defense of patent invalidity on the D392,203 patent.

- 3 -

[PROPOSED] AMENDED JUDGMENT

1  On August 18, 2003, defendants filed a Motion for Judgment as a Matter
2  of Law After Entry of Judgment. On September 15, 2003, the Court heard
3  defendants' motion. The Court ruled that it was a double recovery for plaintiff
4  Grando Inc., to recover a separate royalty from each defendant. Plaintiff Grando Inc.,
5  was only entitled to the reasonable royalty that the jury awarded for the acts of
6  infringement committed by defendant D&W Jewelry Co. The jury determined that
7  the amount of this royalty is $161,215. The Court further ruled that both defendants
8  were jointly and severally liable for this amount.

10  On September 21, 2001, pursuant to motions by both the defendants and
11  the plaintiffs, the Court granted defendants summary judgment on the plaintiffs'
12  claims that the Nugget Rope chain infringes the '203 patent, the '343 patent, and the
13  '580 copyright, and on the further claim that the Bellatrix Rope Figaro chain infringes
14  the plaintiffs' '494 and '062 copyrights. The Court granted plaintiffs' summary
15  judgment on the defendants' counterclaims for: Unfair Competition Under Section
16  43(a) of the Lanham Act; Product Disparagement; Tortious Interference With
17  Existing Contractual Relations; Intentional Interference With Prospective Contractual
18  Relations; Injury to Business Reputation NY Gen Bus. §360-1; Negligent
19  Misrepresentation; Patent Misuse; Common Law Unfair Competition; California
20  Business and Professions Code §§17200 and 17500.

22  JUDGMENT is hereby entered in favor of plaintiff Grando Inc. and
23  against defendants D&W Jewelry Co. and R&M Jewelry, L.L.C. on plaintiff's claims
24  for infringement of the '203 patent and '580 copyright. Defendants shall be jointly
25  and severally liable to Plaintiff Grando Inc., for the sum of $161,215.00 with interest
26  thereon at the legal rate per annum from the date of the verdict until paid

28  JUDGMENT is entered in favor of defendants D&W Jewelry Co. and

Law Offices of
HERBERT HAFIF
269 W Bonita Avenue
Claremont, CA 91711

[PROPOSED] AMENDED JUDGMENT

R&M Jewelry LLC and against plaintiff Stefano Grando on plaintiff's claim for infringement of the '579 copyright and against Plaintiffs on Plaintiffs' claim for infringement of the '343 patent, the '494 copyright, the '062 copyright, and on the claim that the Nugget rope chain infringes the '203 patent and the '580 copyright.

JUDGMENT is entered in favor of plaintiffs' Grando, Inc. and Stefano Grando and against defendants D&W Jewelry Co. and R&M Jewelry, L.L.C. on their counterclaims for: Unfair Competition Under Section 43(a) of the Lanham Act; Product Disparagement; Tortious Interference With Existing Contractual Relations; Intentional Interference With Prospective Contractual Relations; Injury to Business Reputation NY Gen Bus. §360-1; Negligent Misrepresentation; Patent Misuse; Common Law Unfair Competition; California Business and Professions Code §§17200 and 17500.

All parties shall bear their own costs.

DATED: _____  _____
JOHN F. WALTER
UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM & CONTENT:

_____
Greg K. Hafif
LAW OFFICES OF HERBERT HAFIF
Attorneys for Plaintiffs
Stefano Grando and Grando, Inc.

_____
William Ireland
HAIGHT BROWN & BONESTEEL
Attorneys for Defendants
D&W Jewelry Co. and R&M Jewelry, L.L.C.

- 5 -

R&M Jewelry LLC and against plaintiff Stefano Grando on plaintiff's claim for infringement of the '579 copyright and against Plaintiffs on Plaintiffs' claim for infringement of the '343 patent, the '494 copyright, the '062 copyright, and on the claim that the Nugget rope chain infringes the '203 patent and the '580 copyright.

JUDGMENT is entered in favor of plaintiffs' Grando, Inc. and Stefano Grando and against defendants D&W Jewelry Co. and R&M Jewelry, L.L.C. on their counterclaims for: Unfair Competition Under Section 43(a) of the Lanham Act; Product Disparagement; Tortious Interference With Existing Contractual Relations; Intentional Interference With Prospective Contractual Relations; Injury to Business Reputation NY Gen Bus. §360-1; Negligent Misrepresentation; Patent Misuse; Common Law Unfair Competition; California Business and Professions Code §§17200 and 17500.

All parties shall bear their own costs.

DATED: _____     _____
                    JOHN F. WALTER
                    UNITED STATES DISTRICT COURT JUDGE

APPROVED AS TO FORM & CONTENT:

_____
Greg K. Hafif
LAW OFFICES OF HERBERT HAFIF
Attorneys for Plaintiffs
Stefano Grando and Grando, Inc.

_____
William Ireland
HAIGHT BROWN & BONESTEEL
Attorneys for Defendants
D&W Jewelry Co. and R&M Jewelry, L.L.C.

- 5 -

# PROOF OF SERVICE
## BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is LAW OFFICES OF HERBERT HAFIF, 269 West Bonita Avenue, Claremont, California, 91711.

    On September 19, 2003, I served the foregoing document described as:

**[PROPOSED] AMENDED JUDGMENT**

on the interested parties in this action:

[XX]    by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Morton Rosen, Esquire
William Ireland, Esquire
Sandy J. Chun, Esquire
HAIGHT, BROWN & BONESTEEL, L.L.P.
6080 Center Drive, Suite 800
Los Angeles, CA 90045
(310) 215-7100
Fax: (310) 215-7300

**Attorneys for Defendant
D&W JEWELRY CO., INC., and
R&M JEWELRY, L.L.C.**

[ ]    Via Facsimile
[ ]    Via Overnight Mail

[ ]    I deposited each envelope in the mail at Claremont, California.[1]
       The envelope was mailed with postage thereon fully prepaid.

[X]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Claremont, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]    (State or Federal) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 19, 2003, at Claremont, California.

    ___Michelle M. Poche'___                            _/s/ signature_
    Type or Print Name                                     Signature

---

[1] By mail signature must be of person depositing envelope in mail slot, box or bag.

Law Offices of
HERBERT HAFIF
269 W. Bonita Avenue
Claremont, CA 91711
Original document produced on recycled paper